# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY BOSTIC, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-19-1098-F |
| BRENDA VICTOR, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Jimmy Bostic brings this federal civil rights action, which relates to the mishandling of plaintiff's legal mail, against defendants Brenda Victor in her official capacity and the Federal Bureau of Prisons (BOP).

Two motions are before the court. Defendants move to dismiss the complaint under Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P. Doc. no. 14. Mr. Bostic, who appears *pro se* and whose pleadings are liberally construed, has not responded to the motion to dismiss. Nor has he requested an extension of time within which to do so. The second motion is a motion for summary judgment filed by Mr. Bostic. Doc. no. 12. Defendants responded, objecting to summary judgment. Doc. no. 15. Plaintiff did not file a reply brief.

For the reasons stated below, the motion to dismiss will be granted, and the motion for summary judgment will be stricken as moot.

### The Complaint

The complaint attempts to allege a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and a claim under 42 U.S.C. § 1983. Doc. no. 1, p. 3 ("Basis for Jurisdiction," sections A, B).

In addition, the "Relief" section of the complaint refers to some type of "tort" claim. *Id.*, p. 5.

Reading the facts alleged in the "Statement of Claim" portion of the complaint, along with certain facts posited by Mr. Bostic in exhibits to the complaint, the gist of the factual allegations appears to be as follows.

-- Brenda Victor, a federal official employed by the BOP, withheld Mr. Bostic's federal mail (legal mail) by changing Mr. Bostic's mailing address without his knowledge or consent, and by sending his federal mail to the changed address, which was an incorrect address. The mail in question related to a prior tort claim of Mr. Bostic (TRT-SCR-2018-02299). *See*, doc. no. 1-1, pp. 3-4. When Mr. Bostic did not hear back from the South Central Regional Office of the BOP regarding that tort claim, he inquired and was told by Brenda Victor that his mail had been sent to the Oklahoma County Jail on May 29, 2019, and that it had been returned.

-- Mr. Bostic's mail was sent to the Oklahoma County Jail despite the fact that he had not changed his address to the Oklahoma County Jail, and despite the fact that he had lived at the same address (a street address in Oklahoma City) for three years. The policy of the South Central Regional Office of the BOP is that Mr. Bostic is the person responsible for any change to his address. Accordingly, when Mr. Bostic's address was changed without his consent, BOP failed to follow its own policy.

-- As a result of the change to Mr. Bostic's mailing address without his consent, Mr. Bostic suffered severe depression. He seeks a money judgment in the amount of $250,000.00.

Defendants' Motion to Dismiss

Defendants ask the court to dismiss this action under Rules 12(b)(1) and (6), Fed. R. Civ. P. They argue the court lacks jurisdiction over plaintiff's <u>Bivens</u> claim because sovereign immunity applies to United States agencies (such as the BOP) as

well as those agencies' employees sued in their official capacity (such as Brenda Victor).  Defendants argue the complaint fails to state a claim under § 1983 because there are no allegations that they acted under color of state law.  Defendants argue the court lacks jurisdiction over any tort claim plaintiff may have intended to allege because plaintiff has not presented a tort claim to the BOP as required by the Federal Tort Claims Act (FTCA), and because the United States (not a defendant in this action) is the only proper defendant for purposes of an FTCA claim.  Accordingly, defendants argue that the FTCA's limited waiver of sovereign immunity does not apply.  For these and other reasons, defendants argue this action should be dismissed in its entirety.

Plaintiff has submitted no response to the motion.  After careful review of the complaint and defendants' arguments for dismissal, the court agrees with defendants' arguments regarding sovereign immunity and failure to state a claim.  The court finds that, in these circumstances, it is appropriate to deem the motion confessed, and it hereby does so.  *See*, LCvR7.1(g) (any motion not opposed within 21 days may, in the discretion of the court, be deemed confessed).

The motion to dismiss will be granted as confessed.  Given the nature of the arguments for dismissal, the claims alleged in this action will be dismissed, without prejudice, under Rule 12(b)(1) (sovereign immunity) or for failure to state a claim under Rule 12(b)(6).

### Plaintiff's Motion for Summary Judgment

Mr. Bostic's motion for summary judgment asserts that defendants are in default, entitling Mr. Bostic to default judgment in the amount of $250,000.00. Although this motion is moot given the court's determination that this action will be dismissed, the court addresses one aspect of the motion in an effort to explain to Mr. Bostic why his motion can have no impact on the disposition of this action.

The motion for summary judgment asserts that defendants failed to timely respond to the complaint. That premise is incorrect. The United States, and its agencies and officers or employees sued in their official capacity, must file a responsive pleading within sixty days after service on the United States Attorney for this district. Rule 12(a)(2), Fed. R. Civ. P. The marshal served the United States Attorney for the Western District of Oklahoma on March 24, 2020. Doc. no. 10, p. 3.[1] Defendants then had sixty days, or until May 26, 2020 (due to Memorial Day), to file a responsive pleading. The motion to dismiss was timely filed on May 26, 2020. Accordingly, defendants were never in default.

## Conclusion

Defendants' motion to dismiss this action is **GRANTED** as confessed (doc. no. 14), and this action is hereby **DISMISSED** without prejudice under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

Plaintiff's motion for summary judgment (doc. no. 12) is **STRICKEN** as moot.

IT IS SO ORDERED this 26th day of June, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-1098p004.docx

---

[1] The Deputy U.S. Marshal failed to check the box above his signature certifying that he had personally served the U.S. Attorney on that date at that time. But any possible issue regarding the manner in which the U.S. Attorney was served would inure to the benefit of the defendants, not the plaintiff. Defendants waived any insufficiency of service issue when they moved to dismiss without raising that issue. *See*, Rule 12(h)(1), Fed. R. Civ. P. (if a party files a pre-answer motion and fails to assert the defense of insufficiency of service, that party waives that defense). Moreover, defendants concede that the U.S. Attorney's Office for the Western District of Oklahoma was served on March 24, 2020. Doc. no. 15, p. 4.